47 CCPA

**Application of William F. BILLINGSLEY.**
**Patent Appeal No. 6549.**

United States Court of Customs
and Patent Appeals.
June 29, 1960.

———◆———

Harold S. Meyer, Akron, Ohio, for appellant.

Clarence W. Moore, Washington, D. C. (D. Kreider, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, MARTIN, and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

SMITH, Judge.

■ This is an appeal from the decision of the Board of Appeals of the Unit-

1. United State Senior Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'CONNELL,* pursuant to provisions of Section 294 (d), Title 28, U.S.C.

ed States Patent Office affirming the Primary Examiner's rejection of claims 49 and 50 of appellant's application for a patent on a vehicle tire.

Claim 49, which is representative of the appealed claims is as follows:

"49. A tire adapted for good traction in soft ground as well as on hard wet surfaces of pavement and ice and packed snow, said tire having a reinforced body and a tread of resilient rubber material, said tread comprising a pair of axially spaced composite traction elements extending circumferentially around the tire; each of said composite traction elements, when taken as a whole, comprising circumferentially spaced generally laterally projecting side portions terminating at one tire shoulder; each of said composite traction elements, when taken as a whole, further comprising a portion generally circumferentially disposed around the tire inwardly of the tire shoulder, the inner edge of said generally circumferentially disposed portion changing direction alternately around the tire to form zigzags; the generally circumferentially disposed portions of said composite traction elements being divided by narrow open channels running substantially parallel to said inner zigzag edges, additional open channels formed in said composite traction elements establishing communication between said narrow open channels and a margin of said composite traction elements, said inner zigzag edges of the composite traction elements being widely spaced laterally of the tread as compared to the width of said narrow dividing channels, said zigzag edges of said composite traction elements forming one wall of a relatively wide generally circumferentially extending groove, the circumferential spac-

ing of said laterally projecting side portions being substantially equal to the circumferential spacing of suc- cessive nodes of the zigzag edges of said composite traction elements.

The references relied on are:

| | | |
|---|---|---|
| Goodrich (French) | 768,057 | May 7, 1934 |
| Smith | 2,240,866 | May 6, 1941 |
| Peters (French) | 880,418 | Dec. 28, 1942 |
| Henley (British) | 577,521 | May 21, 1946 |
| Tire Review | Page 1 | Aug.   1948 |

Appellant's application discloses a tire tread comprising a pair of wide zigzag ribs extending circumferentially around the tire, one on each side of the center line of the tread and spaced apart to provide a central zigzag circumferential groove. Each rib also comprises side portions extending laterally from the nodes of the zigzag portions to the adjacent tread shoulder. The circumferential zigzag portions of the ribs are divided by narrow open channels running parallel to the inner zigzag edges, and additional open channels are provided which extend through the side portions of the ribs and provide communication between the first-mentioned channels and the sides of the tire. The channels serve to render the rib portions more flexible and permit the removal of water.

The portion (Fig. 7) of Tire Review which is relied on shows an all-purpose truck tire having a tread which comprises two wide, spaced circumferential zigzag ribs with portions extending laterally from the nodes in the same general manner as in appellant's tire. The spaced ribs form a circumferential zigzag channel, but there are no channels either in the zigzag portions of the ribs or in the laterally extending portions.

The Goodrich patent shows a tire tread comprising two series of generally V-shaped rib members, one on each side of the tread, the rib members being spaced from each other circumferentially to provide grooves and the V's opening toward the sides of the tread. The V-shaped ribs on opposite sides of the tread are arranged in staggered relation, with their apices extending across the center of the tread so that there is formed, in effect, a central zigzag channel which opens at regular intervals to each side.

The Peters patent discloses the idea of providing a number of small grooves or notches in the individual ribs of a tire tread, to collect liquid, and also shows the provision of ducts connecting such grooves or notches with the sides of the tires to permit the liquid to escape.

The Henley patent shows a tire having a circumferential zigzag rib around the middle of its tread surface with two similar ribs on each side, spaced from each other and from the middle rib to provide a series of zigzag grooves in the tread surface. Each of the four side ribs is provided with spaced grooves extending laterally through it, so that liquid may escape from the zigzag grooves to the sides of the tire.

The Smith patent shows a tire tread provided with ribs forming a series of circumferential zigzag grooves arranged so that the leading edges of the ribs wipe the water from the pavement, and the water is conducted rearwardly through the grooves.

The claims were rejected on Tire Review or Goodrich in view of Peters or Henley. In our opinion, Tire Review and Peters are the most pertinent and are the only references which need to be considered in detail.

Tire Review, as above pointed out, shows a tire having circumferential zigzag tread members with lateral projections which, at least so far as the structure set forth in the appealed claims is concerned, are similar in all material re-

spects to the corresponding rib structure of appellant's tire, except that they contain no channels. The issue here is whether, in view of the showing of Peters, it would be obvious to provide grooves in the zigzag portions and lateral projections of the Tire Review tire in the manner set forth in the claims.

The Peters patent clearly teaches the use of notches or grooves in the rib portions of a tire tread to provide an anti-skidding effect and also the provision of channels connecting such grooves or notches with the sides of the tire in order to discharge air or water. In our opinion the appealed claims call for nothing more than an obvious application of this idea to the tire shown in Fig. 7 of Tire Review. It is true that the notches or grooves of Peters differ in form from appellant's but such differences involve merely choice and design within the selection of a skilled worker in the art. Naturally the shape of the groove would be adapted to that of the rib in which it is located. If it were desired to prevent the Tire Review tire from skidding on wet pavements it would seem to be obvious to provide it with grooves as suggested by Peters.

Appellant argues that Peters would not suggest where to place the channels in the Tire Review tire and, at best, would suggest no more than placing them in the "zigs" and not in the "zags." However, it is not necessary in combining references that it should be possible to substitute features of one physically in the structure of the other. It is sufficient if, taken together, the references would suggest doing what the applicant has done. In re Twomey et al., 218 F.2d 593, 42 CCPA 742.

Appellant also stresses the fact that the Tire Review tire is designed for trucks but we do not consider that fact material, particularly in view of the fact that the scope of the appealed claims embraces truck tires. The problems encountered by truck and other tires are basically similar and it is obvious that many features of truck tires are adaptable to use in tires for passenger cars and vice versa.

We have carefully considered the record and the appealed claims in the light of appellant's arguments, but we agree with the Patent Office tribunals that the claims involve nothing more than an obvious combination of features disclosed by the prior art.

The decision of the Board of Appeals is affirmed.

Affirmed.