53 CCPA

**Application of Richard Cleminson CUSSONS and Douglas Dewar.**

**Patent Appeal No. 7494.**

United States Court of Customs and Patent Appeals.

Jan. 13, 1966.

Smith and Rich, JJ., dissented in part.

Samuel L. Davidson, Herbert J. Jacobi, Washington, D. C. (Benjamin T. Rauber and Joseph D. Lazar, New York City, of counsel), for appellants.

Clarence W. Moore, Washington, D. C. (J. F. Nakamura, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

MARTIN, Judge.

This appeal is from the decision of the Board of Appeals affirming the examiner's rejection of claims 7 through 11 and 13 of appellants' application serial No. 39,664, filed June 29, 1960, for Cooling Means for Wheel and Brake Assembly. The rejection of two other claims was reversed by the board.

The sole issue is obviousness over the prior art under 35 U.S.C. § 103.

Appellants' invention relates to an assembly of a wheel with a disc brake for aircraft landing gear. In order to dis-

sipate the heat produced in the brake on landing of the aircraft, appellants provide an electric motor driven fan arranged to draw cooling air through the assembly.

The construction embodies a wheel rim having a centrally-located radial flange member which is rotatably supported by means of bearings on a hollow axle. The axle in turn is fixedly secured to the leg of the landing gear. Such construction results in an annular space being defined between the wheel rim and the axle at each side of the central flange. The disc brake is located in the inner of those annular spaces, that is, the one adjacent the leg of the landing gear. It comprises a plurality of annular rotor discs mounted to slide axially on splines on the inner surface of the wheel rim interleaved with annular stator disc. mounted with splines on an annular torque member secured to the axle. Operation of the brake is through a fluid pressure cylinder which forces the assembly of rotor and stator discs into frictional engagement against an annular backing plate.

The annular space accommodating the brake structure is open to the atmosphere at its inner end. Openings are provided in the rim flange communicating with the interior of a tubular shield disposed about the axle in the other or outer annular space. That shield is of conical configuration having its smaller end at the outer end of the assembly to provide an annular passage about the axle, which passage is open to the atmosphere at that end of the assembly. Within the hollow axle is an electric motor operative to drive a fan having blades extending radially across the annular passage between the shield and the axle. Operation of the motor, which may be initiated either automatically or manually upon landing of the aircraft, draws air into the annular space at the inner end of the rim with the brake structure therein, through the openings in the central flange, through the annular passage within the shield, and finally out of the outer end of the latter passage.

Claims 7 and 9, which are representative, read:

7. An aircraft landing gear which comprises a non-rotatable axle, a wheel rim rotatably mounted on said axle and enclosing an axially extending passage located about said axle, a disc brake assembly in said passage, a fan positioned at one end of said passage to pass an axially directed current of cooling air through said passage and an electric driving motor for said fan.

9. An aircraft landing gear which comprises a non-rotatable hollow axle, a wheel rim rotatably supported on said axle and spaced concentrically from the axle to form an open ended axially extending annular passage, a disc brake mounted in said passage and connected to said axle and said rim to provide passages for air axially of said passage, a motor in said axle operable independently of said wheel and a fan driven by said motor and having blades extending radially across said annular passage to pass an axially directed flow of cooling air through said passage and about said brake assembly.

The appealed claims stand rejected on the combination of the following patents:

Griswold   2,922,495   January 26, 1960
White      2,959,255   November 8, 1960

Griswold also relates to a wheel and disc brake assembly for aircraft landing gear. That construction includes a fixed hollow hub having plate-like annular extensions at its inner and outer ends to form an axle.[1] The wheel rim is rotatably mounted on those extensions near its inner and outer ends, providing an annular space between it and the hub with its extensions for receiving the friction discs of the brake. The inner of the annular extensions of the axle, that is, the one at the end of the axle secured to a leg of the landing gear, is provided with a

---

1. Although Griswold states that the wheel "is journalled upon the stationary disc or plate assembly * * *, instead of upon an axle as is conventionally done," it is apparent the "assembly" functions as an axle.

plurality of circumferentially spaced openings, "whereby cooling air is free to circulate through * * * [those] openings * * * into the area of the friction discs." In addition, the central hub portion of the axle is provided with circumferential spaced openings providing communication between the annular passage where the brake is located and the hollow interior of the axle with the latter communicating through a central opening in the outer end with the atmosphere. That opening is disclosed as permitting ingress of air into the axle from whence it may also pass upwardly through the circumferential openings into the area of the brake discs to cool the same. Griswold does not disclose the use of a fan for providing forced air circulation.

The White patent relates to an arrangement for cooling a conventional drum type brake for a motor vehicle wheel by flowing air over the braking elements. The brake comprises a brake drum rotatable with the wheel and a stationary backing plate which together form a housing for conventional brake elements including brake shoes. The cooling arrangement involves a port in the backing plate near the drum surface, a fan in the port for blowing air into the brake housing and an opposing exhaust port in the brake drum for the exit of cooling air after it passes over the braking elements. The fan is driven through a driving wheel which expands into contact with the flange of the brake drum to be driven thereby upon a predetermined temperature being reached due to the heat generated by braking action. The patent states that the fan need not be driven from the brake drum and that any number of fans and exhausts may be used.

The appealed claims were held unpatentable over Griswold in view of White. The board observed that Griswold shows an axially extending passage with a disc brake therein and stated that air is free to pass through openings into the passage to cool the brake discs. It regarded the use of a fan to force circulation of cooling air through the brake of White as making it obvious to one skilled in the art to use a fan for a similar purpose in the basic reference, and stated that such a fan could just as well be placed in the hub cavity of Griswold as at the end of the axial passage. It was also the board's view that it would be obvious to operate the fan through an independently driven motor, such as an electric or hydraulic motor, instead of from the brake drum.

So far as claims 7 and 8 are concerned, we find no error in the decision of the board. White's disclosure of use of a fan for forcing cooling air through a vehicle brake would certainly suggest to one skilled in the art that a fan be employed to improve the air cooling of Griswold's disc brake. We also think that such person would find it obvious that an independently powered motor, such as an electric motor, could be used.

In making the suggested modification, it would be obvious to position the fan within the hub or axle of Griswold adjacent the central opening at the outer end thereof with blades of the fan projecting radially at said opening. Such an arrangement would force air through a passage extending through the openings at the inner end of Griswold's structure, past the brake discs, inwardly through the central openings in the hub and then through the hub and the axial opening therein. That path constitutes an axially directed passage as required by claims 7 and 8, even though the flow would include a radial component at the central part of the axle as, indeed, would also the flow through appellants' device.[2]

Claim 9 and dependent claims 10, 11 and 13 present a different situation, however. There the axially extending pas-

2. Appellants do not advance the recitation of the axially extending passage as located "about" the axle in claim 7 as distinguishing over the passage in Griswold and we do not think that it does so distinguish. Among the meanings attributed to the preposition "about" in Webster's Third New International Dictionary, 1961, are "in the immediate neighborhood of" and "near." The record reveals no reason why anything but the broadest applicable meaning should be assigned here.

sage is defined as annular and the blades of the fan are described as extending across the annular passage.

While the passage available in Griswold for passing cooling air therethrough is annular at the inner end and around the brake elements, the remainder of the passage is inside the axle or hub and is not annular. Thus the provision of a motor and fan as discussed above in connection with claims 7 and 8 would not result in the blades of the fan extending radially across an annular passage. Also, the axle of the Griswold device is completely closed at the inner end by structure constituting the means for attaching the assembly to the landing gear leg. It thus is not apparent how a motor might be incorporated in the particular aircraft wheel and brake assembly shown in Griswold to drive a fan with blades extending across the openings into the annular portion of its passage. Certainly the cited art does not suggest any modification of the Griswold structure that would make such an arrangement possible and it is not apparent from the record that the basic wheel structure of appellants is old.

The solicitor cites In re Billingsley, 279 F.2d 689, 47 CCPA 1108, for the following principle of law which he urges is applicable here:

> * * * It is not necessary in combining references that it should be possible to substitute features of one physically in the structure of the other; it is sufficient if, taken together, the references would suggest doing what the applicant has done.

We accept that principle as is apparent from our conclusion that claims 7 and 8 were properly rejected. However, we do not find any suggestion here that the Griswold device be modified to provide the structure more specifically defined in claim 9 and, therefore, must reverse the rejection of that claim and those dependent thereon.

The decision is affirmed as to claims 7 and 8 and reversed as to claims 9, 10, 11 and 13.

Modified.

SMITH, Judge (dissenting in part, with whom RICH, J., joins):

I do not find a valid basis for the affirmance of the rejection of claims 7 and 8 while reversing the rejection of the other claims. It seems to me that the language of claim 7 which locates the axially extending passage "about said axle" points out the same structural distinction over the art which the majority finds recited in claims 9–11 and 13. While the *language* of claims 9–11 and 13 is more specific than is the *language* of claim 7, we are here concerned only with whether the claims define a structure which is obvious under the conditions specified in 35 U.S.C. § 103. I agree that neither reference structure shows the "open ended axially extending annular passage" of claims 9–11 and 13. However, when the same passage is defined as "an axially extending passage located about the axle," as it is in claims 7 and 8, the majority agrees with the board that it is an obvious structure. I am unwilling to do so.

In addition, there are other features of claims 7 and 8 not discussed by the majority and which seem to me to be significant on this issue. Thus, no art of record shows "a fan positioned at one end" of the axially extending passage "about said axle" as called for in claims 7 and 8. In addition, no reference either alone or in combination shows such a fan driven by an electric motor as called for in claim 7. Similarly there is nothing of record which suggests placing the fan driving motor "within said axle," as called for in claim 8.

The majority opinion specifically recognizes that the air passage in appellants' invention is located *outside* the axle. It also specifically states that locating a fan (assumedly having driving means)

> within the hub or axle of Griswold adjacent the central opening at the outer end thereof with blades of the fan projecting radially at said opening * * * would force air through a passage extending through the openings at the inner end * * past the brake discs, inwardly

through the central openings *in the hub* [axle] and then *through the hub* [axle] and the axial opening therein. [Emphasis added.]

From the figures following I find it impossible to interpret Griswold in such a manner to yield "an axially extending passage located about said axle" enclosed by the rotatable wheel rim as called for in appealed claims 7 and 8. Clearly a fan and motor positioned in the radially extending opening *inside the axle* would not have the fan "positioned at one end of said passage," meaning "the axially extending passage *located about said axle*," as called for in appealed claims 7 and 8.

"About" is defined in Webster's 3rd Int'l. Dictionary (1961) as including the following meanings: "1: on all sides: in every direction: Around * * * 2a: in rotation: Round * * * b: around the outside: in circumference * * *" I cannot conclude that "about said axle" means both within the axle and outside the axle as the majority opinion requires. While the language of a claim is to be construed broadly, I know of no principle that requires that language to be construed so broadly so as to be contrary to the disclosed manner of operation of the invention defined by the claims. Here the term "about said axle" should be construed consistently with the disclosure of the invention.

While I agree with the reversal of the rejection of claims 9–11 and 13, I disagree with the affirmance of the rejection of claims 7 and 8.

GRISWOLD

Fig. 1

AIR FLOW PATH (INLET NOT SHOWN)

AXIALLY EXTENDING PASSAGE ABOUT SAID AXLE AND WITHIN SAID AXLE WITH FAN MEANS WITHIN SAID AXLE.

AIR FLOW
PATH

Fig 1

APPELLANT

AXIALLY EXTENDING
PASSAGE ABOUT
SAID AXLE WITH
FAN MEANS (39)
POSITIONED AT ONE
END OF SAID
PASSAGE