Almond, Judge,
dissenting.
While I agree with the statement of the majority that “patentable invention may lie in the discovery of the source of a problem even though the remedy may be obvious once the source of the problem is identified,” I do not believe that the facts of this case warrant the conclusion that appellant was the first to discover that passage through the center plug was a major cause of moisture transmission.
I feel that the question of “whether the prior art recognized the cause of the problem” must of necessity be answered in the affirmative. Parsons, one of the secondary references employed by the examiner and board, discloses:

Rubber Closure for Pharmaceutical Vials

⅜ * ⅜ ⅜ ⅜ * *
It is an object of our invention * * * to reduce the permeability of the rubber stoppers to moisture * * *.
* ⅜ ⅜ sfe # :¡s ⅜
*836 There has been a tendency for conventional rubber stoppers to stick to the glass rendering it difficult to insert or remove the stoppers. They absorb moisture which is released, into tte interior of the vial causing deterioration of moisture-sensitive substances, such as penicillin. [Emphasis supplied.]
Parsons’ solution to tire problem of moisture permeability is stated also :
We have found that the use of an oily silicone renders the stoppers more impermeable to moisture, renders them less apt to absorb moisture in treatment, and prevents them from sticking.
The source of the problem of moisture transmission being apparent to the art, it seems to me that yet another solution to the problem would be equally obvious to those skilled in the art from a consideration of Jensen, who discloses that a separating partition in his mixing vial should be constructed in part of butyl rubber “which is impervious to steam.” It would seem that Jensen also recognized, at least implicitly, that moisture from a steam sterilization would pass through a separating partition made of rubber other than butyl rubber, else why his emphasis on the use of “especially butyl rubber (GR-I) which is impervious to steam.”
The majority acknowledges these prior art disclosures yet dismisses them by saying that “[no] reference suggests that greater impermeability to liquid water is desired or necessary * * * .” Apparently the majority feels that appellant was concerned with liquid- water transmission and hence would have no reason to look to a teaching of impermeability to steam or water vapor. I consider it significant, however, that the specification and claim speak of moisture vapor transmission thus indicating that the cause of the problem is in fact vapor transmission, as was recognized by the prior art.
That Jensen’s center seal of butyl rubber does not slide against a glass surface and would be unsuitable per se in appellant’s environment does not detract from the examiner’s position that the solution to that general problem was also recognized by Parsons and Umbden-stock — namely, coat the “sticky” rubber plug with silicone to impart a modicum of slidability to it.
I find unconvincing the majority’s attempt to buttress its finding by stating that “a combination of either Lockhard or Bujan with Jensen alone would produce a seemingly inoperative device.” It is not necessary in a combination rejection that the structure of one reference be substituted bodily in that of the reference with which it is combined. In re Billingsley, 47 CCPA 1108, 279 F.2d 689, 126 USPQ 370; In re Soderquist, 51 CCPA 969, 326 F.2d 1016, 140 USPQ 387; In re Bent, 52 CCPA 850, 339 F.2d 255, 144 USPQ 28.
I would therefore affirm.